IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DEAN A. HARRELL, ) | |
| ) | |
| Petitioner, ) | Case No. CV-04-472-S-MHW |
| ) | |
| v. ) | **MEMORANDUM ORDER** |
| ) | |
| WARDEN FISHER, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

    Pending before the Court in this habeas corpus action are Petitioner's Motion for Appointment of Counsel (Docket No. 29) and Respondent's Motion for Summary Judgment (Docket No. 27). Both parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. Having reviewed the parties' briefing, as well as the record in this case, the Court enters the following Order.

MEMORANDUM ORDER  1

I.

**MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner has again requested appointment of counsel.  There is no constitutional right to counsel in a habeas corpus action.  *Coleman v. Thompson,* 501 U.S. 722, 755 (1991).  A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in his case.  *See* Rule 8(c) of the Rules Governing Section 2254 Cases.  In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice.  28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B).  Whether counsel should be appointed turns on Petitioner's ability to articulate his claims in light of the complexity of the legal issues and his likelihood of success on the merits.  *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

Here, Petitioner had adequately articulated his claims.  After reviewing the parties' submissions, the Court concludes that an evidentiary hearing is not required to resolve Petitioner's claims.  Accordingly, Petitioner's request is denied.

MEMORANDUM ORDER  2

## II.

## MOTION FOR SUMMARY JUDGMENT

**A.     Background**

Previously in this case, the Court dismissed Petitioner's Claims One(5) and Two(5) with prejudice.  The Court conditionally dismissed Claims One(3) and Two(4), subject to Petitioner showing cause why the Court should not enter a final dismissal of those claims; the Court revisits those claims in this Order.  Also remaining for adjudication on the merits are Claims One(1), One(2), One(4), Two(1), Two(2), and Two(3).

**B.     Standard of Law**

Federal Rule of Civil Procedure 56(c) provides for entry of summary judgment when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  The Federal Rules of Civil Procedure apply to habeas corpus actions except where application of the rules would be inconsistent with established habeas practice and procedure.  *See* Rule 11 of the Rules Governing Section 2254 Cases.  In general, summary judgment is not inconsistent with established habeas practice and procedure.  *See Blackledge v. Allison*, 431 U.S. 63, 80-81 (1977).  However, the summary judgment standards must be applied in light of the substantive law governing habeas proceedings.

The Petition in this case is subject to the provisions of the Anti-terrorism and Effective Death Penalty Act (AEDPA), which was enacted in 1996.  The AEDPA

MEMORANDUM ORDER  3

established a deferential standard of review that a federal habeas court must apply to a state court's resolution of constitutional claims.  Under AEDPA, a federal court may grant habeas relief only if the state court's adjudication on the merits:

    1.    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    2.    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" federal law when the state court applied a rule of law different from the governing law set forth in United States Supreme Court precedent, or when it confronted a set of facts that are materially indistinguishable from a Supreme Court decision and nevertheless arrived at a different result.  *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A state court's decision is an "unreasonable application" of federal law when the court was "unreasonable in applying the governing legal principle to the facts of the case."  *Id*. at 413.  A federal court cannot grant habeas relief simply because it concludes in its independent judgment that the state court's decision was incorrect; instead, the decision must be "objectively unreasonable."  *Bell v. Cone*, 535 U.S. 685, 694 (2002).  Though the source of clearly established federal law must come from the holdings of the United States Supreme Court, circuit law may be persuasive

MEMORANDUM ORDER  4

authority for determining whether a state court decision is an unreasonable application of Supreme Court precedent. *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir. 1999).

In this case, Petitioner brings Sixth Amendment ineffective assistance of counsel claims challenging the performance of his trial counsel and appellate counsel. A criminal defendant has a constitutional right to the assistance of counsel under the Sixth Amendment, made applicable to the states by the Fourteenth Amendment. *Gideon v. Wainwright*, 372 U.S. 335 (1963). In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established the proper test to be applied to claims alleging constitutionally inadequate representation. To succeed on such a claim, a petitioner must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness and that (2) the petitioner was prejudiced thereby. *Id*. at 684. Prejudice under these circumstances means that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id*. at 684, 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*. at 694.

In assessing whether trial counsel's representation fell below an objective standard of competence under *Strickland*'s first prong, a reviewing court must view counsel's conduct at the time that the challenged act or omission occurred, making an effort to eliminate the distorting lens of hindsight. *Id*. at 689. The court must indulge in the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*. The pertinent inquiry "is not what defense counsel could have pursued,

MEMORANDUM ORDER  5

but rather whether the choices made by defense counsel were reasonable." *Siripongs v. Calderon*, 133 F.3d 732, 736 (9th Cir. 1998).

A petitioner must establish both incompetence and prejudice to prove an ineffective assistance of counsel case. 466 U.S. at 697. On habeas review, the court may consider either prong of the *Strickland* test first, or it may address both prongs, even if one is deficient and will compel denial. *Id.*

**C.     Discussion of Claims**

Claim One(1)

Claim One(1) is that trial counsel was ineffective when he failed to enforce an alleged stipulation with the prosecution not to admit at trial the victim's excited utterances just after the rape incident. On appeal of this issue in the post-conviction matter, the Idaho Court of Appeals determined:

> The district court agreed with trial counsel and found that the pretrial stipulation concerned only an agreement not to use S.K.'s voice identification of Harrell [not S.K.'s excited utterances]. Harrell relies on the court clerk's minutes which suggests that the state agreed not to use excited utterance[s] by the victim in its case-in-chief. Although court minutes may occasionally suffice as a record adequate for review on appeal, we are unable to conclude that the minutes here are dispositive. *See State v. Murphy*, 133 Idaho 489, 988 P.2d 715, 717 (Ct. App. 1999). Rule 1002 of the Idaho Rules of Evidence requires that Harrell, because he sought to prove the essential terms of a purported oral stipulation made at a hearing on his motion in limine, produce the original transcript of the pretrial hearing. As Harrell did not produce any evidence to contradict either his trial counsel's testimony or the district court's finding regarding the terms of the stipulation, we are unable to conclude that the district court erred in determining that his trial counsel was not deficient.

*State's Exhibit D-3*, at p. 5.

MEMORANDUM ORDER  6

The Idaho Court of Appeals' opinion is based upon a finding of fact made by the state district court. Findings of fact made by the state courts are presumed to be correct in habeas corpus proceedings. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut the presumption by clear and convincing evidence. *See id.* Petitioner has brought forward nothing that would rebut this presumption.

On Claim One(1), Petitioner has not shown that trial counsel was deficient or that prejudice occurred, given the unrebutted presumption of correctness regarding the nature and extent of the stipulation.[1] Accordingly, Petitioner has failed to show that the Idaho Court of Appeals' opinion was an unreasonable application of the *Strickland* standard or was based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1) & (2). Therefore, federal habeas corpus relief is not warranted on Claim One(1).

Claim One(2)

Claim One(2) is that trial counsel was ineffective in failing to secure the expert assistance of Dr. Richard Worst for trial. Defense counsel originally obtained

---

[1] A petitioner cannot obtain federal habeas corpus relief merely by showing that the state court decision is "incorrect or erroneous"; rather, he must show that the state court's application of clearly established law is also "objectively unreasonable." *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). The "unreasonableness" standard also applies to the state court's findings of fact: "a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court record was not merely wrong, but actually unreasonable." *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004) (citing *Lockyer v. Andrade*, 538 U.S. at 75, and *Torres v. Prunty*, 223 F.3d 1103, 1107-08 (9th Cir. 2000) (same standard of unreasonableness applies to subsections (d)(1) and (d)(2))).

authorization for a $200 expenditure from the trial court for the retention of Dr. Richard Worst to evaluate Petitioner's videotaped confession to determine whether it showed indicia of police coercion.  Trial counsel then filed a second motion for additional funding but did not provide any preliminary opinions of Dr. Worst.  The trial court denied additional funding for Dr. Worst.  Petitioner alleges that trial counsel should have presented evidence of irregularities in the confession in order to persuade the trial court to allocate additional funding.

On appeal of this issue in the post-conviction matter, the Idaho Court of Appeals determined:

> At the post-conviction petition evidentiary hearing, trial counsel testified that he understood that the trial court was familiar with the expert in question, and further that the court, having been recently involved in another trial with this same expert on this issue, was of the opinion that the expert testimony would not assist the factfinder.  As the expert testimony would have served a limited purpose, and because the record does not support Harrell's contention that the expert had adduced significant irregularity in Harrell's interrogation, we conclude that the district court did not err in determining that trial counsel was not constitutionally deficient in failing to further pursue this request.

*State's Exhibit D-3*, at p. 5.

As the Court of Appeals' opinion shows, Petitioner failed to bring forward sufficient evidence at the post-conviction evidentiary hearing to show that "the expert had adduced significant irregularity in Harrell's interrogation."  *Id*.  As a result, Petitioner has failed to show either that trial counsel was deficient in his performance or that prejudice

resulted from counsel's actions under *Strickland*.  As a result, federal habeas corpus relief is not warranted on this claim.

Claim One(3)

Claim One(3) is that trial counsel was ineffective for failing to present impeachment evidence at trial.  Particularly, Petitioner argues that trial counsel should have presented at trial the affidavit of Officer Garrett indicating that, when he interviewed the victim, S.K., she said that Harrell had ejaculated during the rape.  At trial, S.K. said that she did not know whether the rapist ejaculated, and the medical report showed that no semen was found.

On this point, the Court of Appeals determined:

> Harrell's trial counsel testified at the post-conviction petition evidentiary hearing that had the doctor who examined S.K. been called to testify, the doctor would have stated that no semen was found in S.K. and that the absence of semen is not unusual in a rape case.  Even had trial counsel used the affidavit to impeach S.K., we are unable to conclude that such impeachment would have been critical to the disposition of the case.  The parties had stipulated that no semen is deposited in the female's vagina in the majority of rape cases, and that a particular medical expert, if he were to testify, would say that there was nothing medically inconsistent within S.K.'s claim of rape.  We conclude that Harrell was not prejudiced. . . .

*State's Exhibit D-3*, at p 6.[2]

---

[2] At trial the judge read to the jury a stipulation as follows:
   [T]he parties stipulate that Don Wycoff found no semen on any of the samples obtained from S.K.'s sex crime kit.
   * * *
   The parties stipulate that Doctor Glen Page and Don Wycoff would both testify in the majority of rape cases, no semen is deposited in the female's vagina.
   * * *
   The parties stipulate that Doctor Page would testify that there is nothing

MEMORANDUM ORDER  9

Petitioner argues that had the impeachment evidence been used, it would have created reasonable doubt in the minds of the jury. The Court of Appeals disagreed, based upon the reasoning set forth directly above.

This Court concludes that the decision of the Idaho Court of Appeals determining that no prejudice occurred to Petitioner's defense is not an unreasonable application of *Strickland* to the facts in the state court record. A misstatement about whether a rapist ejaculated during a rape is not going to be given much weight by the jury, especially under the circumstances of this case, where the woman was first beaten beyond recognition, threatened with the death of her children if she didn't cooperate, and then raped.

> The intensity of the situation was described by the victim at trial:
>
> Q. What fears did you have at this time [during the rape]?
> A. I have fears that he will hurt my kids.
> Q. What fears do you have for your own safety?
> A. I figured myself that I would die already. I didn't think I would live.

*State's Exhibit A-2*, at p. 47.

In the face of such testimony, making much ado about this discrepancy in the victim's recollection of the rape may have inflamed the jury. *Cf. Williams-Bey v. Trickey*, 894 F.2d 314 (8th Cir. 1990) ("Defense counsel feared that [introduction of certain evidence] would have created sympathy for the victim and animosity toward appellant.").

---

medically inconsistent with S.K.'s claim of rape.
*State's Exhibit A-2,* at pp. 17-18.

MEMORANDUM ORDER  10

As the Court of Appeals noted, the jury would have been far more likely to have give weight to the doctor's statements than to the victim's description of events.  Further, as the Court of Appeals concluded, the other evidence presented at trial clearly would have outweighed this impeachment evidence.  This Court agrees that no prejudice under *Strickland* exists.  This claim was previously conditionally dismissed.  It shall now be dismissed with prejudice.

Claim One(4)

Claim One(4) is that trial counsel was ineffective for failing to request an instruction on battery, which Petitioner contends was a lesser included offense to rape.  On this claim, the Court of Appeals reasoned:

> As a matter of law, the jury's verdict finding Harrell guilty of rape barred consideration of any lesser included offenses.  Thus, assuming that battery is a lesser included offense of rape, Harrell must still overcome the fact that an "acquittal first" instruction would have accompanied the lesser included offense instruction.  I.C. § 19-2132(c).  A district court's failure to give a lesser included offense instruction is harmless error if, beyond a reasonable doubt, the jury would have reached the same result despite the error.  *State v. Ransom*, 137 Idaho 560, 566, 50 P.3d 1055, 1061 (Ct. App. 2002).  In light of the acquittal first doctrine, there is no reason to believe that the jury would have acquitted Harrell of rape in order to find him guilty of battery.
> Furthermore, the trial record indicates that trial counsel intentionally decided, as a matter of strategy, to not request a lesser included offense instruction.  Harrell's defense was one of complete innocence.  At the post-conviction petition evidentiary hearing, trial counsel testified that not requesting lesser included instructions was a deliberate attempt to emphasize Harrell's insistence that he was absolutely innocent as he was not the one who attacked the victim.  Harrell's defense strategy was that it was someone else who had attacked S.K.  Trial counsel testified that he did not want to introduce any more doubt in the juror's minds as to the role Harrell played in the attack on S.K.  Giving the jury an opportunity to find

MEMORANDUM ORDER  11

> Harrell guilty of battery instead of rape, when his ultimate defense was that someone else had attacked the victim, would be inconsistent. Accordingly, a lesser included offense instruction was not requested. That this strategy proved unsuccessful at trial does not indicate a constitutional deficiency in trial counsel's representation of Harrell.

*State's Exhibit D-3*, at pp. 6-7. In other words, the Idaho Court of Appeals determined that counsel was not ineffective in failing to seek a battery instruction because (1) Petitioner would not have been able to overcome the state's "acquittal first" rule on the rape charge, given that the evidence was overwhelming; and (2) the instruction would have undermined the defense theory of innocence.

Petitioner's claim fails because he has not shown that this decision constitutes an unreasonable application of *Strickland*. The first ground for the decision, the "acquittal first" rule shows that no prejudice resulted from counsel's failure to request a battery instruction. Petitioner has not rebutted the overwhelming evidence in the record pointing to him as the perpetrator of the rape, as outlined in the Court of Appeals' opinion on direct appeal. *See State's Exhibit B-3*.

The second ground for the Court of Appeals' decision is *Strickland*'s admonishment to courts to defer to defense counsel on reasonable strategy decisions. The Ninth Circuit has provided some insight into the *Strickland* standard when evaluating an attorney's "strategy calls." These cases are instructive in the Court's assessment of whether the Idaho Supreme Court reasonably applied *Strickland*. First, the Ninth Circuit has held that tactical decisions are not ineffective assistance simply because in retrospect better tactics are known to have been available. *Bashor v. Risley*, 730 F.2d 1228, 1241

MEMORANDUM ORDER  12

(9th Cir. 1984). Second, a mere difference of opinion as to trial tactics does not constitute denial of effective assistance. *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981). Third, where counsel does not request a lesser-included-offense instruction because such an instruction would be inconsistent with the defense strategy, there is no ineffective assistance of counsel. *Bashor v. Risley*, 730 F.2d at 1241.

Here, it would have been inconsistent for Petitioner to argue that someone else had battered and raped Petitioner *and also* to request a battery instruction for himself. Because the failure to request the instruction was a reasonable strategy decision based upon the chosen defense theory of innocence, there was no deficient performance. Simply because the innocence theory was not successful does not mean that the strategy was deficient.

Based on the foregoing, Petitioner's Claim One(4) fails both for lack of prejudice and lack of deficient performance under the *Strickland* standard. As a result, habeas corpus relief is not warranted.

Claim Two(1)

Claim Two(1) is that Petitioner's direct appeal counsel failed to appeal the excited utterance stipulation issue. As noted above, there is not sufficient evidence in the record to show that the stipulation regarded excited utterances rather than voice recognition only. If Petitioner's counsel on post-conviction review failed to obtain a transcript to prove the

nature of the stipulation, that is not a federal habeas corpus issue.[3]  Rather, based upon the record presented to the state district court, the court determined that the stipulation was not as Petitioner asserted.  *State's Exhibit C-1*, at p. 21.  Petitioner presents no evidence to rebut the fact finding of the state court (and it appears that none would be permitted, as he had a fair opportunity to develop his evidence in state court).[4]  Therefore, there was neither deficient performance nor prejudice in direct appeal counsel's failure to raise this issue.

    Claim Two(2)

Claim Two(2) is that direct appeal counsel failed to appeal the issue of the lack of expert assistance from Dr. Richard Worst.  As noted above, there is insufficient evidence in the record to show that any prejudice occurred from Dr. Worst not testifying at Petitioner's trial.  Therefore, there was neither deficient performance nor prejudice in failing to raise this issue.

---

[3] Petitioner does not have a federal constitutional right to the effective assistance of counsel during state post-conviction proceedings, and thus such a claim cannot be the basis for habeas corpus relief.  *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 429 (9th Cir. 1993).

[4] Title 28 U.S.C. §2254(e)(2) bars the introduction of new evidence in federal habeas proceedings unless the petitioner (1) exercised diligence in his efforts to develop the factual basis of his claims in state court, *and* (2) shows that his claims are based either on a new retroactive rule of constitutional law or on a factual predicate that could not have been previously discovered through the exercise of due diligence.  "Diligence for purposes of the opening clause [of § 2254(e)(2) ] depends upon whether [petitioner] made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court[.]" *Williams v. Taylor*, 529 U.S. 420, 435 (2000).

Claim Two(3)

Claim Two(3) is that appellate counsel failed to raise the issue of the affidavit of Officer Garrett regarding whether the perpetrator had ejaculated during the rape. As explained above, because this issue has no merit as an ineffective assistance of trial counsel claim, it fails as an appellate issue, as well. This claim was previously conditionally dismissed. It is now subject to dismissal with prejudice.

Claim Two(4)

Claim Two(4) is that appellate counsel failed to raise the issue of ineffective assistance of counsel for failure to request a lesser-included-offense (battery) instruction to the offense of rape. Because this claim is meritless as an ineffective assistance of trial counsel claim, as explained above, it is subject to dismissal.

Further, as a claim that the trial court erred in failing to give the instruction, it is also meritless. The failure of a state court to give lesser-included-offense instructions in a non-capital case does not present a federal constitutional claim unless the failure to do so deprives a defendant of his "right to adequate jury instructions on his theory of the case." *Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000). Here, the lack of the battery instruction was in harmony with Petitioner's theory of the case, and so no constitutional claim is stated by his facts.

MEMORANDUM ORDER  15

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Motion for Appointment of Counsel (Docket No. 29) is DENIED.

IT IS FURTHER HEREBY ORDERED that Respondent's Motion for Summary Judgment (Docket No. 27) is GRANTED.  Petitioner's Petition for Writ of Habeas Corpus is DISMISSED with prejudice.



DATED:  **July 18, 2006**

Honorable Mikel H. Williams
United States Magistrate Judge